IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-74-D
No. 5:21-CV-275-D

| | |
|---|---|
| JAMES STEPHEN THORPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 28, 2021, James Stephen Thorpe ("Thorpe" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction and 480-month sentence for a horrific home invasion scheme that he orchestrated [D.E. 313]. On August 23, 2021, the United States moved to dismiss Thorpe's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 323, 324]. On August 24, 2021, the court notified Thorpe of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 325]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On October 5 and 7, 2021, Thorpe responded in opposition to the government's motion [D.E. 330, 331].[1] As explained below, the court grants the government's motion to dismiss, dismisses Thorpe's section 2255 motion, and denies a certificate of appealability.

I.

Thorpe and his co-defendants concocted a home invasion and robbery scheme where they would surveil potential victims at malls or other public locations for signs of wealth, place a GPS

---

[1] The court denies as moot Thorpe's motion for an extension of time [D.E. 322].

tracker on the victims' cars to learn where they lived, then rob the victims. See PSR [D.E. 215] ¶¶ 10, 16. One of their victims operated a local nightclub in Raleigh. See id. ¶ 11. Thorpe and his co-defendants selected him "because they believed that he took money from the night club home, instead of to a bank." United States v. Thorpe, 803 F. App'x 691, 693 (4th Cir.) (per curiam) (unpublished), cert. denied, 141 S. Ct. 177 (2020).

On March 16, 2015, Thorpe, his co-defendants, and two others arrived at the victim's apartment and four of them obtained entry to the apartment by rushing the victim's son as he was entering and holding a gun to his head. See PSR ¶ 12. Although Thorpe did not enter the apartment, he maintained control and oversight of the operation from his vehicle through a three-way telephone call between himself and two of his co-defendants throughout the robbery. See id.

Several members of the victim's family were in the apartment, including his four-year-old daughter. See id. ¶ 13. One of Thorpe's co-defendants took the child into a bathroom and threatened to drown her if the victim did not comply with their demands. See id. Another intruder struck a woman in the head, forced her to the ground, placed the barrel of his gun to the back of her head threatening to kill her, then kicked her in the head and struck her in the face with his pistol. See id. After directing the intruders to $5,000 stashed in his bedroom, the victim attempted to escape, and one of Thorpe's co-defendants shot him in his leg. See id. ¶ 14.

Four of the men fled the apartment and into a vehicle driven by one of Thorpe's co-defendants. See id. ¶ 15. A neighbor who witnessed the events called the police and provided identifying information. See id. Officers with the Morrisville Police Department stopped the vehicle, but one of the co-defendants brandished a gun at the officers, resulting in return fire, and the robbers were able to escape. Thorpe aided their escape by pulling his vehicle in front of the officers to prevent the officer from pursuing the other robbers. See id. Officers did not recognize Thorpe's

2

vehicle as being part of the robbery.

On March 16, 2016, a grand jury indicted Thorpe for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (count one); interfering with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1951 (count two); and discharging a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c) (count three). See [D.E. 1]. Thorpe pleaded not guilty and proceeded to trial. See Arraignment [D.E. 131]; Trial Tr. [D.E. 269–272]. On December 5, 2016, a jury convicted Thorpe of all three counts. See Verdict [D.E. 172].

On April 5, 2017, the court held Thorpe's sentencing hearing. See [D.E. 233]; Sentencing Tr. [D.E. 264]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Thorpe's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. at 8–32; PSR. The court calculated Thorpe's offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 to 480 months' imprisonment each on counts one and two, with a mandatory consecutive sentence of ten years on count three. See Sentencing Tr. at 32–33. After thoroughly considering the arguments of counsel, the court sentenced Thorpe to consecutive terms of imprisonment of 240 months on count one, 120 months on count two, and 120 months on count three, for a total term of imprisonment of 480 months. See id. at 33–49; [D.E. 240]. Thorpe appealed. See [D.E. 242]. On March 2, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Thorpe's convictions and sentence. See Thorpe, 803 F. App'x at 694.

In his motion to vacate, Thorpe alleges ineffective assistance of counsel before trial, during his sentencing hearing, and on appeal based on counsel's failure to: (1) file a motion to dismiss pursuant to the anti-shuttling provisions of the Interstate Agreement on Detainers Act ("IADA"); (2) properly calculate Thorpe's criminal history category in advising him during plea negotiations; (3)

3

"properly object" to and appeal two sentencing enhancements; and (4) request a jury instruction on advanced knowledge. Mem. Supp. Mot. Vacate [D.E. 313-1] 4–25; see also Addendum [D.E. 331].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam)

4

(quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

A.

As for Thorpe's first claim, Thorpe failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Thorpe from presenting the claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614,

5

621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Thorpe has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the court dismisses the claim.

Alternatively, Thorpe's IADA claim is not cognizable on collateral review. See Pethtel v. Ballard, 617 F.3d 299, 303–06 (4th Cir. 2010); Bush v. Muncy, 659 F.2d 402, 407–09 (4th Cir. 1981); Lawson v. United States, No. CR RWT-13-702, 2018 WL 1795339, at *3 (D. Md. Apr. 16, 2018) (unpublished).

B.

Thorpe argues that counsel failed to properly calculate his criminal history category in advising him concerning a plea offer and failed to advise him of the benefits he could have received by accepting a plea deal. Mem. Supp. Mot. Vacate [D.E. 313-1] 13–15. The Sixth Amendment right to counsel applies to plea bargaining and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. See Lafler, 566 U.S. at 162–64.

Thorpe alleges that had counsel calculated his criminal history category as III instead of V, then Thorpe would have received and accepted a plea agreement to plead guilty to counts two and three and received an advisory guideline range of 288 to 336 months' imprisonment. See [D.E. 313-1] 13. Thorpe includes no documentary evidence to support this claim.

Even if the court assumes without deciding that counsel's advice was deficient, cf. Lafler,

6

566 U.S. at 172–74; Mayhew, 995 F.3d at 178–79, Thorpe has not plausibly alleged prejudice. First, even if Thorpe pleaded guilty to count two and count three, Thorpe's sentencing exposure would have remained 20 years' imprisonment on count two and a consecutive life sentence on count three. Moreover, any recommended sentencing range in a plea agreement would not be binding on the court. See Fed. R. Crim. P. 11(c)(1)(A), (B). Furthermore, at any Rule 11 proceeding, the court would have expressly told Thorpe that any estimate from his defense lawyer or anyone else on any sentencing topic would not be binding on the court and that the court would have the discretion to sentence Thorpe between the statutory minimum sentence and the statutory maximum sentence.

Given the absolutely horrific nature of the criminal conduct and Thorpe's central role in it, Thorpe has not plausibly alleged that this court would have changed his ultimate sentence even if he pleaded guilty pursuant to the hypothetical plea agreement he describes. Indeed, at the end of the lengthy sentencing hearing, this court stated that even if it miscalculated the advisory guideline range, it would have imposed "the same sentence as an alternative variant sentence[.]" Sent. Tr. at 51; see United States v. Gomez-Jimenez, 750 F.3d 370 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012). In light of this court's alternative variant sentence and the entire record, Thorpe has failed to plausibly allege that but for counsel's alleged deficiencies, Thorpe would have received a different sentence. See Molina-Martinez v. United States, 575 U.S. 189, 200–01 (2016); Sears v. Upton, 561 U.S. 945, 956 (2010). Thus, the claim fails.

C.

As for Thorpe's claim that counsel failed to "properly" object to the court's imposition of two guideline enhancements and failed to appeal one of the enhancements, the claim fails. Ample record evidence supported the enhancements. Moreover, a petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d

7

931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); Mikalajunas, 186 F.3d at 495–96.

Alternatively, Thorpe has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability exists that the defendant would have been sentenced differently if the error had not occurred. See Sears, 561 U.S. at 955–56; United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Considering the entire record, Thorpe has not plausibly alleged that counsel could have done something differently to obtain a different sentence. On the contrary, counsel performed ably. Before the sentencing hearing, counsel filed objections to the PSR, and he submitted a thorough sentencing memorandum on Thorpe's behalf that thoroughly addressed the objections. See [D.E. 215-1]; [D.E. 229]. Counsel's performance reflected substantial preparation and tactical decisionmaking. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (stating defense counsel does not perform deficiently by failing "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). Accordingly, Thorpe's claim fails.

Alternatively, although cloaked as an ineffective assistance claim, Thorpe really claims the court erred concerning Thorpe's base offense level and the enhancements. Stated differently, Thorpe argues the court miscalculated his advisory guideline range. Thorpe, however, cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., Foote, 784 F.3d at 935–36; Pregent, 190 F.3d at 283–84. Thus, the claim fails.

8

D.

Citing Rosemond v. United States, 572 U.S. 65 (2014), Thorpe argues he received ineffective assistance of trial counsel based on counsel's failure to request a jury instruction on count three "to require proof that [Thorpe] knew in advance that [his] accomplice was not only armed, but was going to discharge the firearm." Mem. Supp. Mot. Vacate 21–22. Thorpe has failed to plausibly allege deficient performance. On count three, the court instructed the jury that to find Thorpe guilty, the jury had to find that the government proved two elements beyond a reasonable doubt: "One, the defendant committed a crime of violence, as alleged in Count 2 of the indictment. And, two, either (A), during and in relation to the commission of that crime of violence, the defendant knowingly used or carried a firearm; or, (B), the defendant knowingly possessed a firearm in furtherance of that crime of violence." Trial Tr. [D.E. 272] 212. The court also instructed the jury that the government "must prove beyond a reasonable doubt that the defendant: One, knew that the crime charged in Count 3 was to be committed or was being committed. Two, knowingly did some act for the purpose of aiding, abetting, commanding, or encouraging the commission of the crime charged in Count 3. And, three, acted with the intention of causing the crime charged in Count 3 to be committed." Id. at 216–17. The court also defined the terms "crime of violence," "during and in relation to," "knowingly," "use," "carry," "possess," "firearm," "in furtherance of," and "aiding and abetting" for the jury. See id. at 196, 198–99, 213–16.

These instructions were proper. See United States v. Oloyede, 933 F.3d 302, 317 (4th Cir. 2019); see also United States v. Miltier, 882 F.3d 81, 89 (4th Cir. 2018) (stating a jury instruction is not erroneous if "in light of the whole record, [the instruction] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." (quotation omitted)); Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011) (same).

9

Alternatively, Thorpe has not plausibly alleged prejudice. Specifically, Thorpe has not plausibly alleged that, had the court given different instructions, the jury would have returned a verdict of not guilty on count three in light of the substantial evidence presented at trial. See United States v. Benson, 957 F.3d 218, 237–38 (4th Cir.), cert. denied sub nom. Brown v. United States, 141 S. Ct. 934 (2020), and cert. denied sub nom. Wallace v. United States, 141 S. Ct. 935 (2020). Stated differently, Thorpe has not plausibly alleged "that there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Accordingly, Thorpe has not plausibly alleged prejudice from the alleged error, and his claim fails.

E.

After reviewing the claims presented in Thorpe's motion, the court finds that reasonable jurists would not find the court's treatment of Thorpe's claims debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 323], DENIES AS MOOT Thorpe's motion for an extension of time [D.E. 322], DISMISSES Thorpe's section 2255 motion [D.E. 313], and DENIES a certificate of appealability.

SO ORDERED. This 21 day of February, 2022.

JAMES C. DEVER III
United States District Judge