IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-74-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES STEPHEN THORPE, | ) | |
| | ) | |
| Defendant. | ) | |

On March 27, 2026, James Stephen Thorpe ("Thorpe" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 428] and filed a memorandum in support [D.E. 429]. On April 28, 2026, the United States responded in opposition [D.E. 432]. As explained below, the court denies Thorpe's motion for compassionate release.

I.

Thorpe led a home invasion and robbery crew that selected its victims by discerning signs of wealth in public areas and secretly installing a GPS tracker on a victim's vehicle to learn where the victim lived. See Presentence Investigation Report ("PSR") [D.E. 215] ¶¶ 10, 16. The crew then robbed the victims at their homes. See id. One of the victims operated a Raleigh night club. See id. ¶ 11. Thorpe's crew decided to invade his home and rob him "because they believed that he took money from the night club home, instead of to a bank." United States v. Thorpe, 803 F. App'x 691, 693 (4th Cir. 2020) (per curiam) (unpublished). On March 16, 2015, Thorpe, his codefendants, and two others arrived at the victim's apartment and four of them entered the apartment by rushing the victim's adult son as he was entering and holding a gun to his head. See

PSR ¶ 12. Although Thorpe did not enter the apartment, he controlled and oversaw the robbery from his vehicle through a three-way telephone call among himself and two of his codefendants. See id.

Several members of the victim's family were in the apartment, including his four-year-old daughter. See id. ¶ 13. One of Thorpe's codefendants took the little girl into a bathroom and threatened to drown her if the victim did not comply with their demands. See id. Another member of Thorpe's crew struck a woman in the head, forced her to the ground, placed the barrel of his gun to the back of her head, threatened to kill her, kicked her in the head, and struck her in the face with his pistol. See id. After directing the intruders to $5,000 stashed in his bedroom, the victim attempted to escape, and one of Thorpe's codefendants shot him in the leg. See id. ¶ 14.

The four robbers fled the apartment and into a vehicle driven by one of Thorpe's codefendants. See id. ¶ 15. A neighbor who witnessed some of the events called the Morrisville Police Department, provided identifying information, and followed the robbers. See id. Officers stopped the vehicle but one of the codefendants brandished a gun at the officers. See id. An officer opened fire, but the robbers escaped. See id. Thorpe aided their escape by pulling his vehicle in front of the officers to prevent the officers from pursuing the vehicle with the other robbers. See id. The officers did not know that Thorpe's vehicle was part of the robbery. See id.

On March 16, 2016, a federal grand jury indicted Thorpe for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (count one), interfering with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1951 (count two), and discharging a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c) (count three). See [D.E. 1]. Thorpe pleaded not guilty. On December 5, 2016, a jury convicted Thorpe of all three counts. See Verdict [D.E. 172]. The jury

2

found that count two served as the predicate offense for Thorpe's section 924(c) conviction. See Verdict at 2.

On April 5, 2017, the court held Thorpe's sentencing hearing. See [D.E. 233]; Sent'g Tr. [D.E. 264]. At the hearing, the court adopted the facts set forth in the PSR and resolved Thorpe's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent'g Tr. at 8–32. The court calculated Thorpe's offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 to 480 months' imprisonment each on counts one and two, with a mandatory consecutive sentence of ten years on count three. See Sent'g Tr. at 32–33. After thoroughly considering the arguments of counsel, the court sentenced Thorpe to consecutive terms of imprisonment of 240 months on count one, 120 months on count two, and 120 months on count three, for a total term of imprisonment of 480 months. See id. at 33–49; [D.E. 240]. Thorpe appealed. See [D.E. 242]. On March 2, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Thorpe's convictions and sentence. See Thorpe, 803 F. App'x at 694. On June 29, 2020, the United States Supreme Court denied Thorpe's petition for a writ of certiorari. See Thorpe v. United States, 591 U.S. 1021 (2020).

On June 29, 2021, Thorpe moved under 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction and 480-month sentence. See [D.E. 313]. On August 23, 2021, the government moved to dismiss Thorpe's section 2255 motion. See [D.E. 323]. On February 22, 2022, the court granted the government's motion to dismiss and dismissed Thorpe's section 2255 motion. See [D.E. 333]. Thorpe appealed. See [D.E. 335, 336, 337]. On July 29, 2022, the Fourth Circuit denied a certificate of appealability and dismissed Thorpe's appeal. See United States v. Thorpe, No. 22-6270, 2022 WL 3010176, at *1 (4th Cir. July 29, 2022) (per curiam) (unpublished).

On January 5, 2023, Thorpe moved for compassionate release. See [D.E. 383]. On May 19, 2023, the court denied Thorpe's motion for compassionate release. See [D.E. 394].

On March 27, 2026, Thorpe moved for compassionate release. See [D.E. 428]. On April 28, 2026, the United States responded in opposition. See [D.E. 432].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

4

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed,

5

after fully considering the defendant's individual circumstances.  See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35.  A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted."  U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9.  "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction.  U.S.S.G. § 1B1.13(e).

III.

Thorpe asks the court to reduce his sentence under section 1B1.13(b)(6) because his sentence is unusually long and there is a gross disparity between his sentence and the sentence that would be imposed if the court sentenced Thorpe today because his convictions for conspiracy to commit Hobbs Act robbery and aiding and abetting Hobbs Act robbery are not valid predicate offenses under 18 U.S.C. § 924(c).  See [D.E. 428] 5; [D.E. 429] 4–12.  Thorpe also attacks the legality of his conviction and cites his rehabilitative efforts while incarcerated.  See [D.E. 429] 8, 11–12.

Thorpe's conviction for aiding and abetting Hobbs Act robbery served as the predicate offense for Thorpe's 18 U.S.C. § 924(c) conviction.  See Verdict at 2.  To the extent Thorpe contends that he was "convicted under an invalid criminal statute and is actually innocent," [D.E. 429] 7, Thorpe cannot collaterally attack his underlying conviction in a motion for compassionate release.  See Fernandez, 146 S. Ct. at 1300–07; Ferguson, 55 F.4th at 270.  In any event, Thorpe's conviction for "aiding and abetting Hobbs Act robbery is a valid predicate under [section] 924(c)'s force clause."  United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021); see United States v. Draven,

6

77 F.4th 307, 316–17 (4th Cir. 2023); Thorpe, 803 F. App'x at 693. And Thorpe's rehabilitative efforts are not extraordinary and compelling reasons warranting compassionate release. See 28 U.S.C. 994(t); U.S.S.G. § 1B1.13(d). Thus, Thorpe fails to demonstrate that extraordinary and compelling reasons warrant reducing his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), and the court denies his motion for compassionate release.

Alternatively, even if Thorpe demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(5), the section 3553(a) factors counsel against granting Thorpe's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Thorpe is 34 years old. As discussed, Thorpe directed his crew from his car as they invaded the victim's home, terrorized the victim and his family, shot the victim, and robbed the victim. See PSR ¶¶ 10–19. Thorpe then assisted their flight from authorities. See id. ¶ 15. Before his federal incarceration, Thorpe had a lengthy criminal history, including convictions for misdemeanor larceny (two counts), resisting a public officer (three counts), carrying a concealed gun, possession of stolen goods, breaking and entering, conspiracy to break and enter, larceny after breaking and entering, possession with intent to sell and deliver a schedule VI, controlled substance, conspiracy to commit robbery with a dangerous weapon, conspiracy to commit second degree kidnapping, and conspiracy to commit first degree burglary. See id. ¶¶ 26–33.

Thorpe has taken some positive steps while federally incarcerated, including completing numerous educational courses, earning his GED, and not receiving any infractions in the past two years. See [D.E. 429] 12; [D.E. 428-1] 1–11. The court has considered Thorpe's rehabilitative efforts when considering Thorpe's motion for compassionate release.

7

The court has considered the entire record, Thorpe's rehabilitative efforts, the section 3553(a) factors, Thorpe's arguments, and the government's persuasive response. The court also has considered the need to punish Thorpe for his appalling criminal behavior, to incapacitate Thorpe, to promote respect for the law, to deter others, and to protect society from Thorpe. Thorpe is a violent criminal and a very dangerous man. Given the entire record, the court denies Thorpe's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 428].

SO ORDERED. This 29 day of June, 2026.

JAMES C. DEVER III
United States District Judge